It was an action of debt upon two notes under seal, purporting to be executed by Alexander and Neil Buie, the one for $128, the other $68, bearing date 17 March, 1818, and written on the same piece of paper, one payable one day after date and one twelve months after date. Both were payable to Duncan Buie, the plaintiff's intestate. Alexander Buie died in May, 1818, and in August, 1818, the defendant qualified as his executrix. Neil Buie died in the fall of 1823, and the defendant was appointed his administratrix in 1837. Duncan Buie died in 1822, and in August, 1822, the plaintiff qualified as his executor. The writ in this case issued in February, 1838. (88)
The defendant, as the executrix of Alexander and the administratrix of Neil, relied upon the general issue, payment, release, and the act of 1715.
Some proof was given of a deed having been executed for a tract of land by Duncan Buie to Alexander on the day of the date of these notes. There was also evidence by a witness, whose character was impeached, of an acknowledgment of the debt by the defendant, but within what period was not distinctly stated. It was proved that Daniel Buie and *Page 66 
Alexander Buie were cousins. It was also proved that at the death of Alexander he owned a negro boy, stock, etc., but was a good deal in debt; that after his death the defendant, his widow, qualified as executrix, and, being a very industrious, managing woman, had made out to get along and pay such debts as pressed, without making a sale, as executors and administrators usually do; that for the last six or eight years the defendant, with the assistance of her sons and the negro boy, made fine crops for sale, and was evidently above the world and making money. Until that time, although she held property, she was hard run — for, besides paying debts, she was encumbered with three blind children, who were helpless and had to be supported. The facts relative to the plea of release and the act of 1715 not being controverted, it was consented to consider these questions as reserved, and if the jury should find the other issues in favor of the plaintiff, and the court, upon the questions reserved, should be with the defendant as executrix of Alexander or as administratrix of Neil, the verdict was to be set aside and a nonsuit entered as to one or both, according to the opinion of the court.
The court then left the questions as to the execution of the notes and the plea of payment to the jury. Upon the plea of payment the court charged that under the act of 1826 (Rev. Stat., ch. 65, sec. 13) a note, situated as this was, was presumed to have been paid after thirteen years, unless that presumption was rebutted; that here, as to Neil Buie's estate, it was admitted the thirteen years had run, but there was no administration upon his estate until the year before the suit was brought, and this was sufficient to repel the presumption, for during all that time there was no person to pay. So as to Alexander's estate, it was (89) admitted the thirteen years had run, and the presumption was raised, by law, unless that presumption was repelled; that whether the presumption was repelled or not was not to be left as an open question of fact for the jury; for, if so, and the lapse of time had no more that its natural weight, as a circumstance bearing upon the question of payment, the act of Assembly would amount to nothing; whereas the law intended to give to the lapse of time an artificial and technical weight, so as to require a jury to presume a payment unless the presumption was repelled; and it was a question of law for the court what circumstances, if true, were sufficient, to repel it. In this case the court charged that the fact of Alexander Buie's estate being hard pressed, although there was property sufficient, the fact of the plaintiff's being a near relative, and the other matters insisted on by the plaintiff's counsel, were not sufficient in law, with the exception of one, and that was the acknowledgment by the defendant of the existence of the debt. If the evidence satisfied the jury that such an acknowledgment had been made by the defendant within thirteen years next before the issuing of the *Page 67 
writ, that would repel the presumption; but unless the acknowledgment was made within that time, there was nothing to repel the presumption, and they would find for the defendant on the issue of payment; for if the presumption held as to the estate of Alexander, a payment by him or by his estate would also discharge the estate of Neil. The jury found both issues in favor of the plaintiff.
Upon the question reserved as to the release, the court was of opinion with the plaintiff; for, supposing the estoppel to be well pleaded, and supposing it to be competent to go into the consideration of the notes, and to show by parol that they were given in payment for the land, yet it being admitted that the deed and the notes were executed at the same time, the deed acknowledged the purchase money not to be paid, in full, the notes acknowledged the purchase money not to be paid, and covenanted to pay at a future day; and so there was estoppel against estoppel, which "left the matter at large." (90)
Upon the question raised as to the act of 1715, the court was of opinion that the defendant as executrix of Alexander was discharged, and as to her, as such executrix, the verdict was set aside and a nonsuit entered. But as to the defendant as administratrix of Neil, the court was of opinion that she was not discharged from the action by the act of 1715, there having been no administration until the year before action brought. The court was also of opinion that the discharge of Alexander's estate by the act of 1715 did not operate to discharge the estate of Neil, his coobligor; for a distinction was to be taken between an act of the creditor by which, if one obligor is discharged, his coobligors are also discharged, and an act of law operating upon the mere inaction of the creditor. The act of 1715 was intended as a protection against actions after seven years, and neither the words of the act nor the reasons for passing it could be made to extend to the protection of coobligors.
The counsel for the defendant then moved for a new trial because the court, in regard to the presumption of payment, instructed the jury that they should find for the defendant unless they were satisfied that the defendant had acknowledged the existence of the debt within thirteen years next before the action was brought, insisting that the court should have said ten years instead of thirteen. The motion was refused, first, because, supposing it to be erroneous, the instruction was given in the words requested by the defendant's counsel, the counsel on both sides having inadvertently fallen into the error, if it be one, and the attention of the court not having been called to it until after the verdict; second, because the evidence would as well have justified the finding of the jury if the court had used the words ten years instead of thirteen, and the court believed the correction would have been immaterial, so far as the *Page 68 
finding of the jury was concerned. The court, therefore, gave judgment for the plaintiff, from which the defendant appealed to the Supreme Court.
All the points made in this case in the court below appear to us to have been properly decided. There was no evidence to support the plea of release. The deed of conveyance from Duncan to Alexander Buie contained an acknowledgment of the receipt of the purchase money, and if an action of debt or assumpsit had been brought for the price of the land, this acknowledgment might have availed to bar a recovery. But this is not such an action. It is brought, not for the price of the land, but to recover a sum of money due by bond from Alexander and Neil Buie, and there is no pretense that the obligee ever released this debt. There was neither estoppel nor counter estoppel in the case.
It is clear that the operation of the act barring actions against the estate of a deceased person unless brought within seven years after his death does not effect to distinguish the debt, but only to bar the remedy. Its operation is necessarily restricted to the estate so protected.
If there was inaccuracy in the terms used by his Honor in the instruction that an acknowledgment of the debt within thirteen years before the institution of the action removed the presumption of payment, it furnishes no sufficient cause for reversing the judgment; and this for both the reasons assigned in rejecting the motion for a new trial. A party cannot except for error to an instruction which he hath himself prayed; and the substance of the instruction was correct, as the (92) acknowledgment, if made at all, was made within ten years.
It cannot be doubted, we think, that the want of a person against whom to bring suit rebuts the presumption of payment arising from forbearance to sue.
There is, however, an irregularity in the rendition of the judgment below, as pointed out by the counsel for the appellant. It is irregular to enter a judgment of nonsuit against the plaintiff, so far as he is suing the defendant as executrix of Alexander Buie, and a judgment that he recover against her as administratrix of Neil Buie. As this irregularity was occasioned by the agreement of the counsel on both sides in the court below, we readily assent to the motion here made in behalf of the plaintiff. Let the record be amended by substituting, instead of judgment of nonsuit, that the plaintiff enters a nolle prosequi against the executrix of Alexander Buie, and let his judgment against the appellant, as administratrix of Neil Buie, be affirmed with costs.
PER CURIAM. Judgment accordingly. *Page 69 
 Cited: Hubbard v. Marsh, 29 N.C. 205; Walker v. Wright, 47 N.C. 157;Lowe v. Sowell, 48 N.C. 69; Woodhouse v. Simmons, 73 N.C. 32; Grant v.Burgwyn, 84 N.C. 566; Rowland v. Windley, 86 N.C. 37; Campbell v.Brown, ib., 381; Moore v. Parker, 91 N.C. 281; Tucker v. Baker, 94 N.C. 166;Long v. Clegg, ib., 766, 768, 770; Brawley v. Brawley, 109 N.C. 526;Copeland v. Collins, 122 N.C. 623; Kelly v. Traction Co., 132 N.C. 374.
(93)